Donald E. Armstrong, Appellant, Pro Se
P.O. Box 1059
Park City, Utah 84060
(435)-649-6477



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

\* \* \* \* \* \* \*

| | |
|---|---|
| DONALD E. ARMSTRONG | Case No. 2:02-cv-00567 |
| | Judge: Bruce S. Jenkins |
| Appellant, | |
| | |
| v. | MOTION FOR STAY OF APPEAL, MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S INITIAL BRIEF AND MOTION TO RECUSE |
| ROGER G. SEGAL, Trustee of Mountain Pacific Ventures, Inc. Bankruptcy Case 99-22588, | |
| Appellee. | |

\* \* \* \* \* \* \*

Donald E. Armstrong, Appellant ("Armstrong"), pro se, files his **MOTION FOR STAY OF APPEAL, MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S INITIAL BRIEF AND MOTION TO RECUSE.**

## INTRODUCTION

The Honorable Glen E. Clark recused himself sua sponte from the underlying proceedings on June 17, 2002. Judge Clark also recused himself from several other proceedings involving Armstrong. Armstrong asserts that Judge Clark has continually denied Armstrong his constitutional rights since 1999 in all of these proceedings. The order that is being appealed in this case was entered without

6

jurisdiction over all the affected parties and in excess of the jurisdiction of the Bankruptcy Court.

Armstrong requests this Court to stay this appeal while Armstrong obtains a ruling on Armstrong's proposed motion to vacate Judge Clark's May 3, 2002 Order. Armstrong will file his Motion to Vacate and/or Stay on or before July 8, 2002 or sooner if the Court orders.

## **RELEVANT FACTS**

1. Roger G. Segal ("Segal") is the Trustee of Mountain Pacific Ventures, Inc. ("MPV") Bankruptcy Case 99-22588. (A true and correct copy of the MPV Docket is attached to the Motion as Exhibit 1 and made a part hereof. [Docket 102]) (All exhibits to the Motion shall be referred to as Ex. # and be made a part hereof.)

2. Segal filed the relative pleadings to pursue approval of a plan of reorganization in the MPV Bankruptcy Case during 2001 and 2002. (Ex. 1 Dockets 259, 260, 261, 263, 266, 293, 294, 295, 296, 301, 305, 306, 308, 309 and 310)

3. Segal also filed pleadings to approve a settlement between Segal, Steppes Apartments, Ltd. ("Steppes") and Kenneth A. Rushton ("Rushton") in the MPV Bankruptcy Case. (Ex. 1 Dockets 259, 260, 261, 263, 266, 293, 294, 295, 296, 301, 305, 306, 308, 309 and 310)

4. The MPV Plan of Reorganization and the Segal-Steppes-Rushton settlement affect the Donald E. Armstrong Family Trust ("Family Trust"), the Donald E. Armstrong Charitable Remainder Unitrust ("Charitable Trust") (collectively the "Trusts") and Armstrong. (Ex. 1 Dockets 293, 294 and 305)

5. Segal never provided notice to either Trust in the proceedings to approve the MPV Plan of Reorganization and/or the Segal-Steppes-Rushton settlement. (Ex. 1 Dockets 259, 260, 261, 263, 266, 293, 294, 295, 296, 301, 305, 306, 308, 309 and 310)

6. Judge Clark did not and does not have jurisdiction over the Trusts to enter any order that affects

the Trusts.

7. On September 7, 2001 Judge Clark issued an order in Adv. Pro. 99-2218 ruling that Steppes did not have a claim in the MPV Bankruptcy Estate. (Ex. 2)

8. Segal has had funds in the bank to pay all legitimate creditors of the MPV Bankruptcy Estate for a long time.

9. Segal has never paid any funds to any MPV unsecured creditors.

10. Upon information and belief, Steppes has no standing in the MPV Bankruptcy Estate.

11. Upon information and belief, there is nothing in the MPV Bankruptcy Estate to reorganize.

12. Segal could have paid all legitimate unsecured creditors a long time ago.

13. The MPV unsecured creditors gain nothing from the MPV Plan of Reorganization.

14. The only party that benefits from the MPV Plan of Reorganization is Steppes who has no standing in the MPV Bankruptcy Estate.

15. The Honorable Glen E. Clark recused himself from the Mountain Pacific Ventures, Inc. Bankruptcy Estate on June 17, 2002.

16. This Court voluntarily recused itself in Case 01-00843 involving Armstrong. (Ex. 3)

17. This Court voluntarily recused itself in Case 02-00500 involving Armstrong. (Ex. 4)

## DISCUSSION

With Judge Clark's recusal, all of the orders issued by Judge Clark are void or voidable. *New York City Development Corp. v. Hart, 796 F.2d 976, 978 (C.A.7.Ill.,1986)* Armstrong will be filing a motion to vacate and/or stay the May 3, 2002 Order Approving the MPV Plan of Reorganization. Armstrong submits that it would save this Court time and energy by staying this appeal until a decision is entered on Armstrong's Motion to Stay and/or Vacate based on lack of notice and lack of jurisdiction.

Armstrong requests the Court to grant Armstrong an extension of time to file his Initial Brief until 30 days after an order is entered on Armstrong's Motion to Vacate or Stay that may very well make this appeal unnecessary.

*Motion to Recuse*

The standard for recusal is found in 28 U.S.C. § 455. Section 455(a) states:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Clearly, any reasonable person would question the impartiality of a judge that has already recused himself in two other proceedings involving Armstrong. Armstrong submits that this Court's prior voluntary and immediate recusal is clear evidence that this Court cannot provide Armstrong with the unbiased and impartial tribunal that Armstrong is constitutionally entitled to. This Court must recuse itself from this proceeding.

## CONCLUSION

The Plaintiff requests the Court to grant the Plaintiff's Motion for Stay and for Extension of Time to File Armstrong's Initial Brief. Armstrong requests the Court to recuse itself from this proceeding and any and all other proceedings involving Armstrong.

## PRAYER

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1. That the Court recuse itself from this appeal;

2. That the Court enter an Order staying this appeal until a decision is entered on Armstrong's Motion to Vacate and/or Stay;

3. That the Court enter an Order that Armstrong must file his Motion to Vacate and/or Stay on or before July 8, 2002; and

Motion for Stay, for Extension and to Recuse         4

4. That the Court enter an Order that Armstrong's Initial Brief is due 30 days after an order is entered on Armstrong's Motion to Vacate and/or Stay if Armstrong's Motion to Vacate and/or Stay is denied.

DATED: June 21, 2002

_____
Donald E. Armstrong, Appellant, Pro Se

# CERTIFICATE OF SERVICE

      I hereby certify that on June 24, 2002 a true and correct copy of the **MOTION TO STAY, FOR EXTENSION OF TIME AND FOR RECUSAL** was hand delivered, faxed and/or mailed, first class mail, postage prepaid, to the following:

Julie Bryan
Roger G. Segal
COHNE RAPPAPORT & SEGAL
PO Box 11008
Salt Lake City, UT 84102


_____
Donald E. Armstrong

# Exhibits/Attachments to this document have **not** been scanned.

# Please see the case file.